[756 NYS2d 755]

In the Matter of PIETRINA J. REDA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 13, 2003

APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

*Jerome Karp, P.C.,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition containing seven charges of professional misconduct. After a hearing, the Special Referee sustained Charges One, Five, Six, and Seven. The Grievance Committee now moves to confirm the Special Referee's report to the extent of the charges which were sustained, to disaffirm with respect to Charges Two, Three, and Four, which were not sustained, and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to impose such discipline upon her as the Court deems appropriate.

Charge One alleges that the respondent failed to cooperate with the Grievance Committee in its investigation of a complaint filed against her by Cynthia Fernandez, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The respondent failed to respond to a letter dated August 3, 2000, sent to her by the petitioner notifying her of the complaint and requesting an answer within 15 days. The respondent failed to respond to a second letter sent via certified mail, dated September 28, 2000, advising that her response was still required and that her failure to respond within 10 days would subject her to possible disciplinary sanctions independent of the merits of the complaint. The respondent failed to respond to a third letter sent via certified mail, dated October 13, 2000, demanding her response within five days and advising her that a motion for an interim suspension would ensue should she fail to respond. The respondent failed to honor

a deadline set at a deposition on December 11, 2000, that she would submit a written response to the pending complaint or face a motion for her interim suspension.

Charge Two re-alleges each of the allegations set forth in Charge One. It further alleged that the respondent failed to communicate with the parties to a real estate transaction regarding escrow funds she was holding pursuant to that transaction. The respondent represented Mary Ann Skurski in the sale of a home to Cynthia Fernandez and Paul Cannino in or about 1998. At the closing, on or about November 30, 1998, an escrow agreement was reached regarding certificates of occupancy and/or completion, and the respondent was entrusted with the sum of $1,000 as escrow agent.

At the closing, the respondent was entrusted with a second escrow of $1,000 from the down payment she was already holding in her escrow account. The purchaser's attorney made a written demand to the respondent, by fax transmittal dated December 10, 1998, not to release the money from escrow. The respondent failed to respond to letters dated February 19, 1999, May 3, 1999, and June 15, 1999, sent to her from the purchaser regarding the escrowed funds.

The respondent repeatedly failed to communicate in her capacity as escrow agent with respect to the funds she was holding, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Charge Five alleges that the respondent failed to cooperate with the petitioner in the investigation of a complaint filed against her by Michael Gershenson, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The respondent failed to respond to a letter dated October 20, 2000, from the petitioner notifying her of the complaint and requesting her response within 15 days. The respondent failed to honor a deadline set at her December 11, 2000, deposition, to submit a written response to the Gershenson complaint by December 22, 2000.

Charge Six re-alleges each allegation set forth in Charge Five. It further alleges that the respondent failed to communicate with clients Michael Gershenson and Terri Ann Gershenson regarding their matrimonial matter, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent was retained by the Gershensons on or about June 11, 1999, after they had been to mediation to draft a

separation agreement and file for their divorce. The respondent sent a draft of a separation agreement to the parties by letter dated July 13, 2000. She met with the parties in or about September 2000 to finalize matters. Michael Gershenson sent the respondent the documents needed to finalize this matter via three separate fax transmittals dated September 15, 2000, September 25, 2000, and September 26, 2000. The respondent failed to reply to repeated inquiries made by the Gershensons after the September 2000 meeting regarding the status of their matrimonial matter.

Charge Seven re-alleges each allegation set forth in Charges Five and Six. It is further alleged that the respondent failed to finalize the matrimonial matter of her clients, the Gershensons, and neglected the legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Based on the evidence adduced, the Special Referee properly sustained Charges One, Five, Six, in part, and Seven, and failed to sustain Charges Three and Four. With respect to Charge Two, we find that the respondent failed to adequately communicate with the parties to the real estate transaction. Had the respondent's communications been adequate, the purchaser's attorney would not have needed to send her three letters regarding the funds held in escrow. Although the respondent claims to have verbally communicated with the purchaser's attorney, the letters sent by him indicate the contrary and the respondent never replied in writing to his assertions. Accordingly, Charge Two should be sustained.

The motions are granted to the extent of sustaining Charges One, Two, Five, Six, in part, and Seven, and are otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent submits that the Court should not be constrained by her disciplinary history, which includes four letters of admonition, one letter of caution, an interim suspension for failure to cooperate in September 1993, and a censure, because to do so would ignore the significant progress she has made in therapy and would adversely impact upon her ability to continue those efforts.

In addition to such mitigating factors as the respondent's anxiety disorder, her extensive course of therapy, and the absence of venal intent, the Special Referee found that none of the respondent's clients suffered any financial loss and that the delay occasioned by her failure to expeditiously complete her

obligations in the Gershenson matter was minimal and without resulting harm. Moreover, the money paid her as fees were refunded, along with all of the papers in her possession, and there were no violations of her escrow obligations in the real estate transaction.

Under these unique circumstances, the respondent is publicly censured for her professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part and the respondent's cross motion are granted to the extent that Charges One, Two, Five, Six, in part, and Seven are sustained, and the motion and cross motion are otherwise denied; and it is further,

Ordered that the respondent, Pietrina J. Reda, is publicly censured for her professional misconduct.